NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THOMAS J. PAUL JR., | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 05-CV-1918 (DMC) |
| UNITED PARCEL SERVICE and DUNN | : | |
| & BRADSTREET, | : | |
| | : | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions from United Parcel Service, Incorporated, and Dunn & Bradstreet ("Defendants") to dismiss all counts of the Complaint filed by Thomas J. Paul Jr. ("Plaintiff") pursuant to 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion to dismiss is **granted**.

**I. BACKGROUND**

Plaintiff commenced this action on April 12, 2005, when he filed a Complaint and requested a Temporary Restraining Order against Defendants. (Plaintiff's Complaint ("Pl. Compl.") at 1). Plaintiff states he used Defendant U.P.S's services to ship a package containing moving papers to the Supreme Court of the United States on October 26, 2006. (Id.) Although Plaintiff admits the package was delivered to the Supreme Court "without any problems," he still

filed a complaint with the Better Business Bureau ("BBB").  (Plaintiff's Motion to Set Aside

Defendant's Answer at 2).  In this complaint, Plaintiff expressed his dissatisfaction with the

manner in which Defendant U.P.S. notified Plaintiff that his package was delivered and the

method in which Defendant U.P.S. sought payment for their services.  (Id.)  Plaintiff also asserts

that Defendant U.P.S. pursued payment from him in retaliation for filing a complaint with the

BBB, to attack his "good name" and "to destroy his credit standing."  (Pl. Compl. at 3).  Plaintiff

further charges Defendants with violating the "First, Fifth and Fourteenth Amendments" and his

civil rights under Title 42 U.S.C.A. 1983 et seq."  (Id. at 3-4).

On April 13, 2005, this Court denied Plaintiff's request for an Order to Show Cause and

temporary restraints against Defendants due to Plaintiff's failure to show immediate and

irreparable harm pursuant to Rule 65 of the Federal Rules of Civil Procedure.  Defendants now

move to dismiss all counts of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.

## II. DISCUSSION

### A. Standard of Review

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all

allegations in the Complaint must be taken as true and viewed in the light most favorable to the

plaintiff.  See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc.

v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286,

290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only

the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly

authentic documents if the plaintiff's claims are based upon those documents.  Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a).  Due to an understandable difference in legal sophistication, a complaint

drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by

trained counsel.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, a court should dismiss the

case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party

could possibly understand or reply to it."  Cole v. Commonwealth Federal, 1994 WL 618464, *1

(E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano,

75 F.R.D. 497 (1977).

### B. Plaintiff's Failure to Prove the Required Elements for Defamation

A plaintiff must satisfy the following elements to bring a successful claim for

defamation: "(1) that the defendant made a defamatory statement of fact; (2) concerning the

plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff;

and (5) fault."  Taj Mahal Travel, Inc. v. Delta Airlines Inc., 164 F.3d 186, 189 (3d Cir. 1998).  A

defamatory statement is one that is false and injurious to someone's reputation.  Id.  Specifically,

under New Jersey law, a plaintiff must sufficiently identify the party making the defamatory

statements and the circumstances in which these statements were publicized.  Zoneraich v.

Overlook Hosp., 212 N.J. Super. 83, 101 (App. Div. 1986).  Vague allegations of defamation are

not enough.  Miele v. Rosenblum, 254 N.J. Super. 8, 13 (App. Div. 1991).  Plaintiffs must "plead

facts sufficient to identify the defamatory words, their utterer, and the fact of their publication."

Zoneraich, 212 N.J. Super. at 101.

Here, Plaintiff's Complaint fails to meet the above standard.  Plaintiff appears to base his

defamation claim on the fact that Defendant U.P.S. employed co-Defendant Dun & Bradstreet to collect Plaintiff's outstanding balance. (Pl. Compl. at 3). Plaintiff claims this is defamation because Defendant U.P.S. employed Defendant DDB with the "effort to attack [his] good name." (Id.) Requests to be paid for services rendered do not qualify as defamatory statements. Plaintiff has also not shown how the defamatory statements were publicized or how these statements were false or injurious to his reputation. If this were the case, courts would be flooded with defamation suits. Vague accusations of Defendants' intentions to "attack" Plaintiff's "good name" fail to prove the elements of defamation. Whether or not Defendants were correct or not in pursuing Plaintiff for payment, the act of requesting payment does not rise to the level of defamation, nor does the act of suspending Plaintiff's account. Due to Plaintiff's inability to establish any of the required elements of a defamation claim, this count of Plaintiff's Complaint is dismissed.

### C. Plaintiff's Civil and Constitutional Rights

Plaintiff also fails to show how any of his constitutional or civil rights were violated. In order to bring a claim for a violation of § 1983, a plaintiff must show the conduct complained of was committed by a party acting under the color of state law and that this conduct deprived a person of his rights, privileges or immunities guaranteed by the United States Constitution. Gomez v. Toledo, 446 U.S. 635, 640 (1988).

Here, Defendants are not parties acting under the color of state law. Due to the fact that there is no state action, Plaintiff's reliance upon § 1983 for relief is misplaced. Therefore, Plaintiff's claims for relief pursuant to § 1983 are dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is

**granted**.  An appropriate Order accompanies this Opinion.


                                   S/ Dennis M. Cavanaugh
                                   Dennis M. Cavanaugh, U.S.D.J.


Date:           December 5, 2005
Original:     Clerk's Office
Cc:             All Counsel of Record
                  The Honorable Mark Falk, U.S.M.J.
                  File